1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11  AMY RAE ENGLERT,                 ) Case No. CV 14-8323-DFM
                                     )
12              Plaintiff,           )
                                     ) MEMORANDUM OPINION AND
13      v.                           ) ORDER
                                     )
14  CAROLYN W. COLVIN, Acting        )
    Commissioner of Social Security, )
15                                   )
                                     )
16              Defendant.           )
                                     )
17  _____ )

18         Plaintiff Amy Rae Englert appeals from the Commissioner's denial of

19  her request for review regarding the ALJ's determination of her alleged onset

20  date. Because the ALJ failed to fully develop the record regarding Plaintiff's

21  alleged onset date, as discussed in detail below, the Commissioner's decision is

22  reversed and the matter is remanded for further proceedings consistent with

23  this opinion.

24                              **I.**

25          **FACTUAL AND PROCEDURAL BACKGROUND**

26         Plaintiff filed her applications for Supplemental Security Income and

27  Disability Insurance benefits on June 29, 2011, alleging disability due to

28  congestive heart failure. Administrative Record ("AR") 121-23.  In her

1  application, Plaintiff indicated that the onset date of her disability was March
2  15, 2011. AR 121. On April 24, 2013, the ALJ issued a fully favorable
3  decision, finding that Plaintiff was disabled from the alleged onset date
4  through the date of the decision. AR 12-17.
5       Plaintiff disagreed with the ALJ's alleged onset date and sought review
6  from the Appeals Council, contending that her alleged onset date was March
7  30, 2008, rather than March 15, 2011. AR 6-7, 190. The Appeals Council
8  denied Plaintiff's request for review. AR 1-5. This action followed.

## II.
## ISSUE PRESENTED

11       The parties dispute whether the ALJ erred in determining Plaintiff's
12  alleged onset date of disability. <u>See</u> Joint Stipulation ("JS") at 3.

## III.
## DISCUSSION

15       Plaintiff argues that the ALJ erred in concluding that her alleged onset
16  date was March 15, 2011. Plaintiff contends that conflicting information in the
17  record regarding the date of onset of disability triggered the ALJ's duty to
18  further develop the record. JS at 3-5.
19       The ALJ has a "'special duty to fully and fairly develop the record and to
20  assure that the claimant's interests are considered . . . even when the claimant
21  is represented by counsel.'" <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir.
22  2003) (quoting <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983)); <u>see also</u>
23  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001).This duty is
24  triggered "when there is ambiguous evidence or when the record is inadequate
25  to allow for proper evaluation of the evidence." <u>Mayes v. Massanari</u>, 276 F.3d
26  453, 459-60 (9th Cir. 2001); <u>see also</u> <u>Tonapetyan</u>, 242 F.3d at 1150
27  ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate
28  inquiry.'" (quoting <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996))).

Here, there was conflicting evidence in the record regarding Plaintiff's alleged onset date, which triggered the ALJ's duty to further develop the record. For example, Plaintiff's application for disability insurance benefits states that she was unable to work as of March 15, 2011, yet later states that she last worked in 2008. <u>Compare</u> AR 121 <u>with</u> 122, 123 ("Estimated initial date of illness. I filed for and used all available state disability benefits in 2008."). Plaintiff later filed a disability report in which she stated that she stopped working on February 2, 2008, and that her condition became severe enough to keep her from working on March 30, 2008. AR 164. During the administrative hearing, the ALJ stated that Plaintiff was claiming disability beginning March 15, 2011. AR 48. However, later in the administrative hearing, Plaintiff's counsel stated that "[i]t's our contention that she meets listing 4.02(a) and (b) (3) for all relevant periods. <u>Since 2008</u>, she's had injection fraction below 30. We have as low as 13 percent. We have 20 to 25, and the treating doctor says now that it's at 18 percent." AR 52 (emphasis added).

Moreover, the medical records also indicate that Plaintiff was receiving treatment for congestive heart failure before March 15, 2011. For instance, Plaintiff's treatment records dated September 5, 2010 reflect "a past medical history significant for cardiomyopathy, that happened several years ago after she went into cardiac arrest. Since then, she has been treated for congestive heart failure." AR 194. These medical records, which indicate that Plaintiff was having ongoing treatment for a history of congestive heart failure, provide support for Plaintiff's contention that her alleged onset date was before 2011. In addition, some of the medical evidence upon which the ALJ relied in determining that Plaintiff was disabled dated from September 2010. <u>See</u> AR 15 (citing 191-95, 196-239, 293-310, 341-45, 346-51 (noting that Plaintiff had a history of congestive heart failure)).

1   Accordingly, this record should have alerted the ALJ to the need to

2   conduct an "appropriate inquiry" to determine Plaintiff's actual disability

3   onset date. See Tonapetyan, 242 F.3d at 1150; see also Stephens v. Colvin, No.

4   12-8041, 2013 WL 2456682, at *3 (C.D. Cal. June 5, 2013) (remanding for

5   further proceedings where "there was conflicting evidence in the record

6   regarding when Plaintiff's disability began"). The ALJ, however, failed to

7   develop the record in this regard.[1]

## IV.

## CONCLUSION

10   For the reasons stated above, the decision of the Social Security

11   Commissioner is reversed and the matter is remanded for further proceedings

12   consistent with this opinion.

13

14   Dated:   June 2, 2015

15   _____

16   DOUGLAS F. McCORMICK
    United States Magistrate Judge

17

18

19

20   ────────────────

[1] The Commissioner cites an oft-quoted decision for the proposition that
21   advocates for disability claimants should not be "potted plants" during
    administrative hearings. JS at 6 (citing Solorzano v. Astrue, No. 11-369, 2012
22   WL 84527, at *6 (C.D. Cal. Jan. 10, 2012)). That line, however, involves a
    much different context, as counsel there failed to identify during the hearing
23   what plaintiff later argued were "apparent conflicts" between the DOT and a
    vocational expert's testimony. Solorzano, 2012 WL 84527, at *6. Here, by
24   contrast, counsel's failure to say anything about the date issue is saved by the
25   ALJ's duty to develop the record when such an ambiguity is evident.
    Nonetheless, the Court is frustrated with counsel's failure, a failure that has
26   now necessitated an appeal to this Court and a remand for further proceedings.

27

28